SIGN & PICTORIAL LOCAL UNION 842, OF THE BROTHERHOOD OF PAINTERS, DECORATORS AND PAPERHANGERS OF AMERICA, PLAINTIFF-RESPONDENT, v. LOUIS L. BUCKLER, TRADING AS BUCKLER DECORATING CO., DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued May 12, 1952—Decided May 29, 1952.

Before Judges McGEEHAN, JAYNE and GOLDMANN.

*Mr. Harry Chashin* argued the cause for appellant (*Mr. David Schneiderman,* attorney).

*Mr. Harry Indursky* argued the cause for respondent.

PER CURIAM. Defendant appeals from a judgment in favor of the plaintiff, which was entered in the district court on a finding that "there was an unlawful and improper use by this defendant of the label, the property right of the plaintiff" in violation of *R. S.* 56:3–8.

The case was submitted to the district court judge for decision upon an agreed statement of facts. This statement set forth that the plaintiff adopted and filed for registry its union label, in accordance with the provisions of *R. S.* 56:3–1, *et seq.,* and is entitled to the protection provided therein. One Leon Kay was duly authorized by the plaintiff to affix the plaintiff's union label to all signs painted by him and to sell such signs with such union label thereon. Leon Kay painted a political sign, intended for public display, affixed the plaintiff's label thereto, and sold it to the defendant. The

defendant sewed the sign in question to a mesh netting so that it could be strung across a street, and sold the sign with the mesh netting to one Louis Pascali, for whom he hung the sign across a street in Hoboken. The defendant is not a union sign painter and he had not obtained any license, consent or authority from the plaintiff to use the plaintiff's label.

R. S. 56:3–8 provides that it is a violation of the statute to "make any use whatever of any such genuine label * * * without first obtaining, in every such case, the license, consent or authority of the person, association, organization or corporation adopting, filing and registering the same * * *." Since the affixing of the union label to the sign and the sale thereof by Leon Kay were authorized by plaintiff, the mere resale by defendant of such sign with the label thereon was not a use in violation of the statute. *Cf. People v. Dantuma*, 252 *Ill.* 561, 96 *N. E.* 1087,. (*Sup. Ct.* 1911). Here, the marketing of the goods with the label thereon did not occur after the use, alteration, rebuilding or repairing of the goods. *Cf. Restatement, Torts* (1938), § 737. This case does not involve the filling or refilling, by one not authorized, of a box, case, can or package containing the plaintiff's label. Since the sign was made for the purpose of public display, the mere addition thereto of mesh netting or of any other material or device, such as a rope, for the purpose of effectuating its intended use, is obviously not a use of the label which is condemned by the statute.

Judgment reversed.